UNITED STATES COURT OF APPEALS

**Filed 5/29/96**

FOR THE TENTH CIRCUIT

GLORIA JEAN BLONG,

      Plaintiff-Appellant,

v.

SECRETARY OF THE ARMY,
TOGO D. WEST, JR.; MAJOR
GENERAL JAMES F. RUEGER; and
RICHARD E. CORDWELL,

      Defendants-Appellees.

No. 95-3197
(D.C. No. 93-CV-4147)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before PORFILIO, JONES,[**] and TACHA, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Nathaniel R. Jones, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Gloria Jean Blong appeals the district court's judgment in favor of defendants on her claim of gender discrimination. Because the district court's finding of no discrimination is not clearly erroneous, we affirm.

Ms. Blong applied for a supply clerk position with the Kansas Army National Guard on May 15, 1991. Ms. Blong was the only qualified applicant to apply for and be interviewed for the job. The interviewer and the other officers responsible for making the hiring decision were acquainted with Ms. Blong, and had formed unfavorable opinions of her work habits, personal grooming, and ability to get along with others. Seeking a wider pool of applicants, defendants notified Ms. Blong that she had not been selected, and reannounced the position. Although Ms. Blong knew of the reannouncement before the application period closed, she did not reapply. A woman was hired for the supply clerk position.

After exhausting her administrative remedies, Ms. Blong brought this action in the United States District Court for the District of Kansas, alleging that she was not hired for the supply clerk position based on her gender. An attorney was appointed for Ms. Blong, and trial was held to the court. Finding no evidence that Ms. Blong's gender entered into defendants' decision not to hire her and to reannounce the position, the district court entered judgment in favor of defendants. This appeal followed.

We review the district court's finding of no intentional discrimination under the clearly erroneous standard. Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985); Sorensen v. City of Aurora, 984 F.2d 349, 351 (10th Cir. 1993). "A finding of fact is clearly erroneous if it is without factual support in the record or if, after reviewing all the evidence, the court is left with the definite and firm conviction that a mistake has been made." Elmore v. Capstan, Inc., 58 F.3d 525, 531 (10th Cir. 1995)(quotations and citation omitted). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Anderson, 470 U.S. at 574.

Here, the record contains more than enough evidence to support the district court's factual finding that defendants' decision not to hire plaintiff and to reannounce the position was not due to plaintiff's gender. Plaintiff's arguments regarding the credibility of witnesses would require us to reweigh the evidence and substitute our view for that of the district court, which we may not do. See id. at 573-75.

The judgment of the United States District Court for the District of Kansas is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Nathaniel R. Jones
Senior Circuit Judge

3